IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES ALPINE, # 1422624,<br>          Plaintiff, | §<br>§<br>§ |
| v. | §    CIVIL CASE NO. 3:18-CV-0604-N-BK |
| | § |
| KENDALL RICHERSON, Warden,<br>          Defendant. | §<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. On February 15, 2018, Plaintiff, a state prisoner, filed a civil rights complaint with a motion for leave to proceed *in forma pauperis*. Doc. 2 at 2-3; Doc. 3. For the reasons that follow, it is recommended that the case the case be summarily **DISMISSED** as barred by three strikes.[1]

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or

---

[1] Although Plaintiff styles his pleading as a *Petition for Writ of Habeas Corpus*, he requests that the petition be treated as a "civil rights claim condition of confinement under 42 U.S.C. § 1983." Doc. 2 at 1. He challenges the purported denial of state-issued shoes. Doc. 2 at 2-3. As such, the case was properly docketed as a civil rights action. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (attacks on the conditions of confinement are not cognizable in a habeas petition).

failing to state a claim"). This Court previously found Plaintiff was barred from pursuing a federal civil action by three strikes. *See Alpine v. Richerson*, No. 3:17-CV-3147-L-BT (N.D. Tex. Dec. 22, 2017) (accepting magistrate judge's recommendation); *Alpine v. Wathen*, No. 7:14-CV-24-O (N.D. Tex. Mar. 14, 2014); *see also Alpine v. Wathen*, No. 4:15-CV-02104 (S.D. Tex. Aug. 7, 2015) (dismissing as barred by three strikes); *Alpine v. Thaler*, Civ. A. No. H-12-2445, 2012 WL 3756607, at *1 (S.D. Tex. Aug. 28, 2012) (dismissing habeas petition construed as civil rights complaint as barred by three strikes, and imposing monetary sanction based on Petitioner's abusive filing history and previous warnings and sanctions imposed by the United States Court of Appeals for the Fifth Circuit).

Having accumulated three "strikes," Plaintiff is precluded by section 1915(g) from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury. Plaintiff, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis*

lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.

**SIGNED** March 23, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE